PROB 12B
(7/93)

# United States District Court
## for the
### Southern District of West Virginia

### Request for Modifying the Conditions or Terms of Supervision
### with Consent of the Offender

Name of Offender: Rudy Valentino Jackson     Case Number: 3:19CR00266-02

Name of Sentencing Judicial Officer: Honorable Robert C. Chambers, United States District Judge

Date of Original Sentence: June 24, 2020

Original Offense: Count Five: 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Aiding and abetting possession with intent to distribute methamphetamine and fentanyl

Original Sentence: 37 months of imprisonment, followed by 3 years of supervised release.

Type of Supervision: Supervised Release     Date Supervision Commenced: May 3, 2022

Asst. U.S. Attorney: Stephanie S. Taylor     Defense Attorney: John A. Proctor

---

### PETITIONING THE COURT

[ ] To extend the term of supervision for __ years, for a total term of years.
[X] To modify the conditions of supervision as follows:

**The offender, Rudy Valentino Jackson, shall participate in the location monitoring program, with the use of technology at the discretion of the United States Probation Officer, for a period of 90 days. The defendant shall be restricted to his residence each day from 10:00 P.M. until 7:00 A.M., or as directed by the United States Probation Officer. The defendant shall abide by all the requirements of the location monitoring program and follow all instructions of the probation officer. The defendant shall be waived from paying the costs associated with the monitoring program.**

Rudy Valentino Jackson  
3:19CR00266-02

Request for Modifying Conditions or Term of Supervision with the Consent of the Offender

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **Violation of mandatory condition (3): The defendant shall refrain from any unlawful use of a controlled substance:** |

The defendant provided urine specimens that tested positive for marijuana on May 5, 2022, and August 8, 2022.

| | |
|---|---|
| 2. | **Violation of standard condition condition (2): After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed:** |

On October 6, 2022, the probation officer attempted a home visit at the defendant's residence located at 15406 Court Village Lane in Taylor, Michigan. Upon arrival, there was no answer at the residence. Additionally, the probation officer attempted to contact the defendant via telephone; however, the phone was not working, and the probation officer was unable to leave a voice message. Furthermore, the probation officer left a business card instructing the defendant to contact his probation officer immediately. The defendant failed to contact the probation officer. The following day, the probation officer attempted to contact the defendant via telephone; however, was unsuccessful in reaching him.

On October 11, 2022, the probation department mailed a letter to the defendant's residence instructing him to report to the probation office at 9:00 am on October 17, 2022. The defendant failed to report as instructed.

## CAUSE

Mr. Jackson began his term of supervised release on May 3, 2022, and since, his adjustment to supervision has been poor. Mr. Jackson began his term of supervision with a violation for illicit substance use as previously noted. Following his initial drug screen, the offender tested positive on a second occasion. On August 8, 2022, Mr. Jackson completed a substance abuse treatment assessment and was referred to two outpatient sessions per month with a substance abuse therapist. In September 2022, Mr. Jackson failed to attend a treatment session due to lack of communication

2

Rudy Valentino Jackson  
3:19CR00266-02

Request for Modifying Conditions or Term of  
Supervision with the Consent of the Offender

with his therapist. Additionally, throughout supervision, communication with Mr. Jackson has been a struggle. Furthermore, Mr. Jackson remains unemployed and has failed to complete his community service obligation.

Mr. Jackson, through counsel, has agreed to participate in a GPS monitoring program for a period of 90 days, as a condition of supervised release. The proposed modification will impose a graduated punitive sanction in lieu of submitting a petition requesting a warrant and subsequent revocation from the Court. This modification will allow the offender to remain in the community while participating in outpatient substance abuse treatment and employment. In addition, GPS monitoring will allow this officer to more closely monitor the offender's location that may lead to continued drug use and further noncompliance. Hopefully, this modification will promote positive change and avoid further action by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

*Olivia Sanders*

Olivia Sanders  
United States Probation Officer  
October 20, 2022

THE COURT ORDERS:

[ ]   No Action  
[ ]   The Issuance of a Summons  
[ ]   A Hearing Be Scheduled in This Matter  
[ ]   Other  
[✓]   The Modification of Conditions as Noted Above

Robert C. Chambers  
United States District Judge

11/1/22  
Date

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

**UNITED STATES DISTRICT COURT**
**for the**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**RUDY VALENTINO JACKSON DOCKET NO. 3:19CR00266-02**

I, **Rudy Valentino Jackson,** have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my conditions of probation or supervised release or before my term of supervision is extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing. I further understand that I may waive my right to a hearing after conferring with counsel or by making such waiver before a United States Magistrate Judge.

_____I acknowledge that I have conferred with counsel prior to executing this waiver and I hereby willingly, knowingly, and voluntarily waive my statutory right to a hearing and agree to the following modification(s) of my conditions of probation or supervised release, or to the proposed extension of my term of supervision:

**The offender, Rudy Valentino Jackson, shall participate in the location monitoring program, with the use of technology at the discretion of the United States Probation Officer, for a period of 90 days. The defendant shall be restricted to his residence each day from 10:00 P.M. until 7:00 A.M., or as directed by the United States Probation Officer. The defendant shall abide by all the requirements of the location monitoring program and follow all instructions of the probation officer. The defendant shall be waived from paying the costs associated with the monitoring program.**

_Rudy Jackson_
Print Name

_Rudy Jackson_
Signature

_Oct 28, 2022_
Date

**Counsel**

Jonathan D. Byrne
Print Name

_[signature]_
Signature

11/1/2022
Date